IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL B. SLUSAREK,

    Plaintiff,

v.                                    Civil Action No. 5:13CV148
                                                    (STAMP)

JOHN RILEY COMPANY, LLC,
d/b/a KWIK KING FOOD STORES,
JOHN RILEY, JORDAN PARKER
and STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REALIGN,
DENYING MOTION TO REMAND AND
DENYING MOTION TO REDESIGNATE
COUNTERCLAIM AS CROSS-CLAIM**

I. Background

The plaintiff originally brought this action in the Circuit Court of Brooke County, West Virginia. The plaintiff's action arises out of an altercation at a convenience store where it is alleged that defendant Jordan Parker ("Parker") hit the plaintiff while acting as an employee. The plaintiff seeks a declaratory judgment, declaring that Parker is a covered insured under an insurance policy issued by defendant State Auto Property and Casualty Insurance Company ("State Auto") to defendants John Riley Company, LLC d/b/a Kwik King Food Stores ("Kwik King"). The underlying tort action for the alleged altercation is currently still pending in the Circuit Court of Brooke County.

On October 24, 2013, defendant State Auto removed the above-styled civil action to this Court alleging diversity jurisdiction.[1] In the notice of removal, State Auto asserts that the plaintiff is a citizen of Pennsylvania, State Auto is a citizen of Iowa, Parker is a citizen of West Virginia, and John Riley ("Riley") and Kwik King are citizens of Ohio. As to Parker's citizenship, State Auto states that while Parker is a named defendant, his interests are more aligned with the plaintiff's interests in this action and, therefore, for diversity purposes, he should be considered a plaintiff. State Auto further alleges that the amount in controversy exceeds the jurisdictional amount.

After State Auto removed this action, it filed a motion to realign the parties in which it seeks to realign defendant Parker with the plaintiff based on Parker's interests in this matter. State Auto asserts that such an action would make diversity jurisdiction proper, and Parker would no longer invalidate removal pursuant to 28 U.S.C. § 1441(b)(2) as a defendant of the state in which the original action was brought. The plaintiff did not file a response to this motion.

The plaintiff then filed a motion to remand, arguing that the factors set out by the United States Court of Appeals for the Fourth Circuit in <u>Nautilus Ins. Co. v. Winchester Homes</u>, 15 F.3d

---

[1]Defendants John Riley and Kwik King consented in the removal. <u>See</u> ECF No. 1 Ex. 3 *2.

371 (4th Cir. 1994), weigh in favor of abstaining from exercising jurisdiction over this declaratory judgment action.  Further, the plaintiff asserts that this case should be remanded because there is no valid basis to realign the parties.  State Auto filed a response, first arguing that abstention is not appropriate under the Nautilus factors.  Second, State Auto asserts that the plaintiff's attempt at responding to State Auto's motion to realign is untimely and should be disregarded, but even so realignment is proper.  The plaintiff did not file a reply.

The plaintiff then filed a motion to redesignate State Auto's counterclaim against Parker as a cross-claim.  The plaintiff asserts that State Auto's counterclaim seeking a declaration that the subject insurance policy does not provide a defense or indemnity to Parker for the claims asserted against him by the plaintiff should be redesignated as a cross-claim because Parker is a defendant and should remain a defendant.  State Auto did not file a response.

For the reasons stated below, this Court grants State Auto's motion to realign, denies the plaintiff's motion for remand, and denies the plaintiff's motion to redesignate State Auto's counterclaim.

## II. Discussion

### A. Motion to Realign

Title 28, United States Code, Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Moreover, 28 U.S.C. § 1441(b) states, in pertinent part, that actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In this action, Parker, a named defendant, is a citizen of West Virginia, the state in which the plaintiff brought this action. State Auto argues that Parker should be realigned as a plaintiff in this action, so as to cure any defect pursuant to § 1441(b).

In determining whether a court has jurisdiction over a certain action, the court is not bound by the alignment of the parties in the pleadings. Instead, the court has the duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180 (1905). The Fourth Circuit has adopted the principal purpose test for realignment of parties, under which the court determines the primary issue in controversy and then aligns the parties with respect to their positions on that issue. United States Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995).

There seems to be no dispute that the primary issue in this matter is whether or not the State Auto insurance policy covers the allegations made in the plaintiff's complaint for declaratory judgment, and therefore, whether or not State Auto has a duty to defend and indemnify Parker. The parties' dispute concerns the position of the various parties on this issue.

State Auto asserts that both Parker and the plaintiff have the same position on this issue, as they both have an interest in a finding that State Auto has a duty to defend and indemnify Parker. The plaintiff, in his motion to remand, asserts that Parker's position is not aligned with the plaintiff's because in the underlying action Parker has attempted to establish that he was not acting as an employee of Kwik King, and therefore, would not be covered under the State Auto insurance policy. Accordingly, the plaintiff asserts that Parker's position is more align with State Auto's and the other defendants' position in this action.

While Parker may be attempting to establish in the underlying tort action that he was not acting as an employee of Kwik King at the time of the altercation, such an attempt does not alter his interest in being indemnified if he is found to have been acting as such. A different finding would be contrary to Parker's financial interests. The plaintiff also has the interest in ensuring that State Auto has a duty to defend and indemnify Parker because such a finding increases the likelihood of recovery against Parker, who

5

may not have the funds to satisfy the possible judgment. See Lott v. Scottsdale Ins. Co., 811 F. Supp. 2d 1220, 1224 (E.D. Va. 2011) (finding that the position of a potential insured was more align with the plaintiffs' position in establishing that the insurer had a duty to indemnify the potential insured in the event of a judgment against it). Here only defendants John Riley, Kwik King, and State Auto have an interest in a finding that Parker was not an employee and, thus, not covered under the insurance policy, as such a finding would be to their financial benefit. Accordingly, for purposes of this Court's diversity jurisdiction and to cure any defect created by § 1441(b), this Court realigns Parker as a plaintiff in this action. As such, this Court must deny the plaintiff's motion for redesignation of State Auto's counterclaim against Parker as a cross-claim, as Parker is now a plaintiff, against whom State Auto, as a defendant, may assert a counterclaim.

B. <u>Motion to Remand</u>

In his motion to remand, the plaintiff asserts that even if removal is proper, this Court should abstain from exercising jurisdiction over this declaratory judgment action pursuant to the factors outlined in <u>Nautilus Ins. Co. v. Winchester Homes</u>, 15 F.3d 371 (4th Cir. 1994). Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See <u>Nautilus</u>, 15 F.3d at 375. Rather, a

district court's decision to hear such a case is discretionary. Id.

Initially, the Fourth Circuit in Mitcheson v. Harris, 955 F.2d 235, 237-40 (4th Cir. 1992), indicated that when determining whether to entertain a declaratory judgment action, a district court should consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later, in Nautilus, the Fourth Circuit added that courts should further consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'–that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

Initially, the plaintiff argues that West Virginia has a strong interest in having the issues raised in this declaratory judgment action raised in the state court because the insurance policy and the parties have ties to West Virginia. This argument,

7

however, is not persuasive. The Fourth Circuit stated in <u>Nautilus</u> that when exercising its "discretionary power to abstain from deciding state-law questions otherwise properly within its jurisdiction, that discretion may be exercised only when the questions of state law involved are difficult, complex, or unsettled." 15 F.3d 378. The fact that the issues of insurance coverage are governed by state law "alone provides no reason for declining to exercise federal jurisdiction." <u>Id.</u> The questions of state law in this matter do not seem to be difficult, complex, or unsettled. This is a dispute over liability insurance coverage, as was the issue in <u>Nautilus</u>. The plaintiff has not indicated that the dispute requires this Court to apply any difficult, complex, or unsettled law. Instead, this case involves a standard dispute concerning the terms of an insurance policy that requires the interpretation of the policy based on the facts at issue. Further, it is unclear, at this time, whether West Virginia or Ohio substantive law applies in this matter, as State Auto has indicated that the contract is an Ohio contract. If Ohio law applies, it cannot be said that West Virginia has a strong interest in how the insurance policy is construed. Accordingly, this Court finds that the first factor does not weigh in favor of abstention.

As to the second factor, which is whether the state court can more efficiently resolve the issues presented in this action, the plaintiff argues that because the state court has become familiar

with the underlying facts in the tort action, it would be more efficient for the state court to hear this case. The plaintiff asserts that the issue of whether Parker was acting as a volunteer employee is an issue in the underlying tort and it is an issue in this action as well. Accordingly, the plaintiff believes that the state court is in a better position to more efficiently handle this action. While this one issue of whether Parker was acting as an employee may be addressed in the state court proceeding, State Auto indicates that the issue of whether the policy covers Parker's actions even if he was acting as an employee would still be at issue, as the insurance policy may not cover such intentional actions. This is not something that is being decided by the state court. There is no indication that the state court has become familiar with the terms of the insurance policy at issue, or that the state court has been asked to interpret the policy in any way. Therefore, this Court cannot say that it would be any more efficient for the state court to resolve this insurance dispute than for this Court to continue exercising jurisdiction over the action.

The third factor that this Court must examine is whether there will be excessive entanglement between the federal and state cases due to overlapping issues of law and fact. As to this factor, the plaintiff only states that due to overlapping factual issues, unnecessary entanglement will result. This Court assumes the

plaintiff is referring to the factual issues surrounding the alleged altercation, and whether such facts are sufficient to establish that Parker was acting as an employee at the time of the altercation. This overlap, however, is not sufficient to establish the type of entanglement required for this Court to abstain from hearing this action. As stated above, the state court is not interpreting the insurance policy in any way; whereas, the interpretation and application of the terms of the policy are the only matters involved in this action. While a jury may determine whether Parker was or was not acting as an employee at the time of the altercation, this is only one issue that may overlap between the two actions, and this Court finds that this is not significant enough to justify abstention.

Lastly, the plaintiff argues that the fourth factor concerning procedural fencing is applicable in this matter. The plaintiff asserts that because the state court has a substantial interest in deciding the issues in this declaratory judgment action and will do so more efficiently, State Auto's removal is likely only an attempt to have this action resolved in what it perceives as a more favorable forum. The plaintiff also contends that State Auto's attempt to realign Parker as a plaintiff without sufficient evidence to do so, also lends to this conclusion. This Court, however, finds that these allegations are without merit. As stated above, this Court does not believe that the state of West Virginia

10

has a substantial interest in deciding the issues in this case, or that it would be more efficient for the state court to do so. Further, as decided above, State Auto was justified in seeking the realignment of Parker as a plaintiff.

The procedural history of this case is the same as that of the Nautilus action, but for the realignment issue. As the Fourth Circuit stated in that case, "[t]his is not a case in which a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." Nautilus, 15 F.3d at 380. Instead, the issues presented in this action are not the same as those in the state court action. Further, there is no "indication that this declaratory action was filed in an effort to obtain a federal forum in a case not otherwise removable." Id. The plaintiff chose not to amend his earlier complaint in the tort action and is the party who initially filed this declaratory judgment action, not State Auto. State Auto merely exercised its rights to remove this case pursuant to 28 U.S.C. § 1332, which it was entitled to do. Accordingly, because this Court has found that none of the factors weigh in favor of abstention, it cannot remand this action to state court.

III. <u>Conclusion</u>

For the reasons stated above, State Auto Property and Casualty Insurance Company's motion for realignment is GRANTED,[2] the plaintiff's motion for remand is DENIED, and the plaintiff's motion for redesignation of State Auto's counterclaim as a cross-claim is DENIED.  Further, defendant Jordan Parker is hereby REALIGNED as a party plaintiff.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

---

[2]In subsequent filings, the style of this case shall be as follows:

MICHAEL B. SLUSAREK,

    Plaintiff,

and

JORDAN PARKER,

    Realigned as Plaintiff per
    Order of August 4, 2014,

v.                       Civil Action No. 5:13CV148
                                      (STAMP)

JOHN RILEY COMPANY, LLC,
d/b/a KWIK KING FOOD STORES,
JOHN RILEY and STATE AUTO PROPERTY
AND CASUALTY INSURANCE COMPANY,

    Defendants.

DATED:     August 4, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE