IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL SLUSAREK,

    Plaintiff,

and

JORDAN PARKER,

    Realigned as Plaintiff per
    Order of August 4, 2014,

v.                                       Civil Action No. 5:13CV148
                                                                (STAMP)

JOHN RILEY COMPANY, LLC,
d/b/a KWIK KING FOOD STORES,
JOHN RILEY and STATE AUTO PROPERTY,
AND CASUALTY INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT STATE AUTO PROPERTY
AND CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

I.   Procedural History

    Michael Slusarek ("Slusarek") originally brought this action in the Circuit Court of Brooke County, West Virginia. Slusarek's action arises out of an altercation at a convenience store where Jordan Parker ("Parker") allegedly hit Slusarek while acting as an employee. Slusarek sought a declaratory judgment, declaring that Parker was a covered insured under an insurance policy issued by defendant State Auto Property and Casualty Insurance Company ("State Auto") to defendants John Riley and John Riley Company, LLC d/b/a Kwik King Food Stores ("Kwik King"). At the time Slusarek

filed this civil action, the underlying tort action for the alleged altercation was pending in the Circuit Court of Brooke County, West Virginia.

On October 24, 2013, State Auto removed the civil action to this Court under diversity jurisdiction.[1]  ECF No. 1.  Following its removal, State Auto filed a motion to realign the parties, seeking to realign defendant Parker as a plaintiff based on Parker's interests in this matter.  ECF No. 5.  Slusarek filed no response to that motion.  However, Slusarek then filed a motion to remand, arguing that the factors in <u>Nautilus Ins. Co. v. Winchester Homes</u>, 15 F.3d 371 (4th Cir. 1994), weighed in favor of abstaining from exercising jurisdiction over this declaratory judgment action.  ECF No. 9.  Further, Slusarek asserted that the case should be remanded because no valid basis existed to realign the parties.

Finally, Slusarek filed a motion to redesignate State Auto's counterclaim as a cross-claim.  ECF No. 14.  Slusarek asserted that State Auto's counterclaim seeking a declaratory judgment should be redesignated as a cross-claim because Parker is a defendant and should remain a defendant.  State Auto did not file a response to that motion.

Following the above filings, this Court entered a memorandum opinion and order that (1) granted State Auto's motion to realign

---

[1] Defendants John Riley and John Riley Company, LLC d/b/a Kwik King consented in the removal.  <u>See</u> ECF No. 1 Ex. 3 *2.

Parker as a plaintiff, (2) denied Slusarek's motion to remand, and (3) denied Slusarek's motion to redesignate State Auto's counterclaim as a cross-claim. ECF No. 25. Following that memorandum opinion and order, State Auto filed a motion for summary judgment. ECF No. 20. Slusarek then filed a motion to stay or, in the alternative, to extend the deadline to respond to the motion for summary judgment. ECF No. 22. In his motion, Slusarek pointed out that the underlying state court action remained pending at the time State Auto filed its motion for summary judgment. Because the material issues of the motion for summary judgment would be addressed in the underlying tort case, Slusarek requested that either the briefing for the motion for summary judgment be stayed or the deadlines be extended. This Court granted as framed Slusarek's motion to stay the briefing until the conclusion of the underlying trial. ECF No. 23. The underlying state court trial concluded in August 2014, with a verdict rendered in favor of Slusarek. ECF No. 27. Specifically, the jury found that Parker, rather than Kwik King, proximately caused Slusarek's injuries

However, since then, both Slusarek and Parker failed to respond to State Auto's motion for summary judgment. Further, this Court issued a <u>Roseboro</u> notice to Parker because of his <u>pro se</u>[2] status. ECF No. 28. The <u>Roseboro</u> notice directed Parker to file

---

[2] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

3

a response within 21 days, which he has yet to do.  As of the date of this memorandum opinion and order, this Court has yet to receive any filings from either plaintiff.

For the reasons set forth below, this Court grants State Auto's motion for summary judgment.

## II. Facts[3]

Late one evening in July, Slusarek purchased cigarettes from Kwik King.  After purchasing the cigarettes, Slusarek realized that the store employee gave him incorrect change.  However, because of the lateness of the hour, no on-site manager could re-open the cash register to correct the mistake.  While Slusarek discussed the incorrect change with an employee, Parker intervened.  Parker was not an employee of Kwik King.  Allegedly, a physical altercation ensued between Parker and Slusarek.  Parker inflicted serious physical injuries upon Slusarek and thus, Slusarek filed this civil action against Kwik King, Parker, and State Auto.

Further, Kwik King maintained a business operations policy, issued by State Auto, that included standard general commercial liability coverage.  Two of the policy's provisions are at issue in this civil action.  First, the policy provides that if an "occurrence" causes bodily injury or property damage, then the policy may apply.  However, occurrence is defined under the policy

---

[3]For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by State Auto in its motion for summary judgment.

4

as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Second, the policy also provides certain exclusions where it does not apply. One such exclusion is the exclusion for intentional acts. The policy provides the following: "This insurance does not apply to . . . 'bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property." Between the altercation and the policy language, the issue here is whether State Auto owes a duty to indemnify or defend Parker for his intentional acts.

### III. Applicable Law

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

5

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial ." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page

Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074, 112 S. Ct. 973, 117 L.Ed.2d 137 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

In this case, Slusarek and Parker both failed to respond to State Auto's motion for summary judgment. However, their failure to file a response does not relieve State Auto from the burden imposed upon the moving party. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir. 1993). The court in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

## IV. Discussion

In the complaint, Slusarek asserts that Parker is a covered insured under State Auto's policy for Kwik King. Further, because Parker is allegedly covered, Slusarek contends that Parker acted as either a "volunteer worker," agent, or employee of Kwik King because he acted at the direction of or within the scope of duties assigned by Kwik King. Thus, Slusarek seeks a declaratory judgment

7

by this Court finding that Parker is a covered insured under State Auto's policy or within any other policies that Kwik King owns.

State Auto contends in its motion for summary judgment that it owes no duty to defend or indemnify Parker for two reasons. First, State Auto claims that under the terms of the policy, only an "occurrence" will be covered. State Auto asserts that Slusarek failed to provide in his state court complaint an event that satisfies the term "occurrence" as used under the policy. The policy provides that if an occurrence causes bodily injury or property damage, then the policy may apply. However, occurrence is defined under the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." State Auto claims that Slusarek failed to allege an occurrence as defined under the policy. Therefore, because the complaint and summary judgment motion fail to set forth facts showing an "occurrence," State Auto claims that Parker is not a covered insured and, therefore, State Auto would owe no duty to Parker.

Second, State Auto contends that Parker's assault against Slusarek was an intentional act, which is excluded under the policy. As provided earlier, the policy maintains an intentional act exclusion that states: "This insurance does not apply to . . . 'bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to

'bodily injury' resulting from the use of reasonable force to protect persons or property." Therefore, because Parker engaged in an intentional act, he cannot be considered a covered insured under the policy. Under the above listed grounds, State Auto claims it is entitled to judgment as a matter of law finding that it does not owe Parker indemnity or a defense in this matter. For the reasons that follow, this Court finds that State Auto's motion for summary judgment should be granted.

A. <u>Occurrence Under the Policy</u>

In this civil action, the policy at issue contains a provision that limits the policy's application to only bodily injury and property damage caused by an "occurrence." The policy defines occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The issue then becomes whether Parker's actions could be considered an accident so as to satisfy the definition of an "occurrence."

Under West Virginia law, an insurance policy should be "given its plain, ordinary meaning." Syl. Pt. 1, <u>Soliva v. Shand, Morahan & Co.</u>, 345 S.E.2d 33 (1986). The West Virginia Supreme Court has defined the term "accident" as "a chance event or event arising from unknown causes," specifically noting the common and "every day" meaning of the term. <u>Amer. Modern Home Ins. Co. v. Corra</u>, 671 S.E.2d 802, 806 (W. Va. 2008) (citing <u>West Virginia Fire and Cas. Co. v. Stanley</u>, 602 S.E.2d 483, 491-92 (W. Va. 2004)). Further,

9

when determining whether an "accident" occurred under an insurance liability policy, "primary consideration, relevance, and weight should ordinarily be given to the perspective or standpoint of the insured whose coverage under the policy is at issue." Columbia Cas. Co. v. Westfield Ins. Co., 617 S.E.2d 797 (W. Va. 2005).

As previously stated, State Auto argues that Slusarek failed to sufficiently allege that being struck by Parker constituted an "occurrence" under the policy. Here, because Parker has failed to respond to the motion for summary judgment, this Court views the "facts presented as uncontroverted." Custer, 12 F.3d at 410. This Court finds that the facts of this case fail to satisfy the definition of "occurrence" as provided in the policy. Slusarek's injuries were not an accident. Parker repeatedly struck Slusarek, and the record indicates that he intentionally and purposefully did so. Parker's actions cannot be considered a "chance event." Therefore, because the facts fail to demonstrate an "occurrence" as defined under the policy at issue, this Court grants State Auto's motion for summary judgment.

B. Intentional Act Exclusion

As mentioned above, an insurance policy should be "given its plain, ordinary meaning." Soliva, 345 S.E.2d at Syl. Pt. 1. In the case of an intentional acts exclusion, like the one here, a policy holder may be denied coverage only if the policyholder "(1) committed an intentional act and (2) expected or intended the

10

specific resulting damage." Syl. Pt. 7, <u>Farmers and Mechanics Mut. Ins. Co. of West Virginia v. Cook</u>, 557 S.E.2d 801 (W. Va. 2001) (emphasis in original). Further, "An insurance company seeking to avoid liability through the operation of an exclusion has the burden of proving the facts necessary to the operation of that exclusion." Syl. Pt. 7, <u>National Mutual Ins. Co. v. McMahon & Sons, Inc.</u>, 356 S.E.2d 488 (W. Va. 1987). When determining the policyholder's intent in situations like this, courts must use a subjective rather than objective standard. <u>Cook</u>, 557 S.E.2d at Syl. Pt. 8.

As mentioned above, State Auto argues that Parker engaged in an intentional act of an alleged assault. Because the policy at issue maintains an exclusion for such actions, State Auto claims the policy does not apply to Parker and thus, it owes no duty to indemnify or defend him. Again, because Parker has failed to respond to the motion for summary judgment, this Court views the "facts presented as uncontroverted." <u>Custer</u>, 12 F.3d at 410. Further, as provided above, State Auto must show that it is entitled to judgment as a matter of law. <u>Id.</u> Looking at the record in this case, State Auto has shown that it is entitled to summary judgment. First, the language regarding the intentional act clause clearly provides that it does not cover intended bodily injury. Second, the evidence available indicates that Parker intended to inflict bodily injury upon Slusarek. Specifically,

there is sufficient evidence that Parker understood and intended both his actions to harm Slusarek and Slusarek's resulting injury. Because of these reasons, Parker is not a covered insured under the policy at issue here.  Parker's actions fall under the exclusion contained in the policy.  Thus, State Auto owes no duty to defend or indemnify Parker.

## V. Conclusion

For the reasons set forth above, State Auto Property and Casualty Insurance Company's motion for summary judgment is GRANTED.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 7, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE